MCCLELLAN vs TOOTLE.

Opinion delivered October 6, 1900.

1. *Action—Motion to Dismiss—Filing—Nunc Pro Tunc.*

A plaintiff has a right to dismiss his action without prejudice to a future action at any time before the final submission of the case to the jury, under Mansf. Dig. Sec. 5102 (Ind. Ter. Stat. Sec. 3307); and where a motion to dismiss was filed, but afterward lost, it could be substituted and marked filed as of the same date the original was filed, and have the same force and effect as the original; and hence it was proper for the court to enter

an order of dismissal without prejudice, nunc pro tunc, although defendant had after the original filing and before the order, filed a cross-bill.

Appeal from the United States court for the Northern district.

JOHN R. THOMAS, Judge.

Action by Thomas E. Tootle against Charles McClellan on a note. From an order nunc pro tunc dismissing plaintiff's case without prejudice, defendant appeals. Affirmed.

On the 15th day of February, 1897, the plaintiff below, appellee here, filed his suit at law, asking judgment against defendant below, appellant here, for balance due on a promissory note. On the 9th day of November, 1897, defendant filed his answer, admitting execution of note, but says same has been fully paid. On 9th day of February, 1898, defendant filed an amended answer and cross-complaint, asking an accounting and for judgment against plaintiff. On the 28th day of February, 1898, the plaintiff filed motion to dismiss the case, and affidavits in support thereof, as follows:

"Comes now the plaintiff, Thomas F. Tootle, and asks leave of the court to file a motion herein to dismiss this action nunc pro tunc as of the 7th of February, 1898, when the original motion to dismiss this case was filed in open court, and which motion has been lost or destroyed, and cannot be found among the files of this court, although diligent search has been made therefor."

"J. C. Anderson, deputy United States district clerk at Vinita, I. T., in support of the motion to dismiss this action, on his oath states as follows: That on the 7th day of

February, 1898, about 10 o'clock on said day, in open court, he received a special delivery letter from E. S. Bessey, attorney for the plaintiff in the above entitled action, and that the same contained some kind of paper to be filed in said case, and that the same was then by me marked, "Filed in open court, Feb. 7th, 1898.' Affiant states that said paper has since been lost, destroyed, or misplaced, so that it cannot now be found among the files of clerk's office, although diligent search has been made therefor. · J. C. Anderson.

Subscribed and sworn to before me this 28th day of February, 1898. John R. Thomas."

"E. S. Bessey, attorney for plaintiff in the above-entitled action, on his oath states, in support of the motion filed herewith, as follows: That on the 5th day of February, 1898, in the city of Kansas City, Mo., affiant deposited in a Mo. Pac. Ry. mail post office, properly inclosed in an envelope, with postage prepaid, with a special-delivery stamp affixed, and addressed to James A. Winston, Vinita, I. T.; a motion in the above-entitled cause to dismiss this action without prejudice. Affiant states that the special-delivery record of the post office at Vinita shows that a special-delivery letter, via Claremore, I. T., was on the 7th day of February, 1898, delivered to the clerk of this court, at 10 o'clock on said day. Affiant states further, that prior to the filing of the aforesaid motions that all the accrued costs in the case had been paid. E. S. Bessey.

Subscribed and sworn to before me this 28th day of February, 1898. Jas. A. Winston, Clerk. by J. C. Anderson, D. C."

Defendant's counsel opposed said motion by filing the following affidavit:

"James S. Davenport, of lawful age, being duly sworn, on his oath states that he is one of the attorneys for the

above named defendant, and has been looking after the case for the said defendant since the case was brought; that on or about the 4th of February, 1898, he was notified that the plaintiff would take depositions of witnesses in behalf of his case at St. Joseph, Mo.; that when they arrived there he and the parties representing the plaintiff attempted to make an examination of the books and accounts between the said parties, and the plaintiff could not make satisfactory showing, and induced defendant to wait until next day, claiming he could not get ready that evening, but did not make any effort to take deposition; then the plaintiff sued the defendant at St. Joseph, Mo., for the amount claimed to be due him, saying that he could not bring the books of the bank which show the accounts between them to the territory; that the plaintiff had the original papers with him at St. Joseph, Mo.; that defendant at once returned home, and filed his amended answer and cross complaint, which was filed on the 9th day of February, 1898; that when he filed his cross complaint he looked up the dockets of the court, and found that no order had been entered to dismiss, nor did the records show that any motion had been filed to dismiss, and in fact the papers had not been returned by plaintiff into the clerk's office so the case could be dismissed; if so, they could not be found by affiant, who made a diligent search for them; that defendant resides in the Indian Territory, and has for many years, and the controversy between the parties arose out of a deal made in the Cherokee Strip.    J. S. Davenport.

"Subscribed and sworn to before me this the 28th day of February, 1898.    Jas. A. Winston, Clerk, by J. C. Anderson, Deputy."

The court below ordered that substituted motion to dismiss the case be filed as of date February 7, 1898, and dismissed the case, to which defendant excepted, and appealed to this court.

*Jas. S. Davenport*, for appellant.

*E. S. Bessey*, for appellee.

. TOWNSEND, J.  The appellant has filed five specifications of error, and presents his written argument upon the same, but no authorities are cited or appear to be relied upon.  The first material question was the motion to dismiss, filed before the amended answer and cross bill were filed.  The affidavit of J. C. Anderson, deputy clerk, says he received through the post office some kind of paper from plaintiff's attorney, and marked same "Filed in open court, February 7. 1898," and the same has been lost, destroyed, or misplaced so that same cannot be found.  E. S. Bessey, plaintiff's attorney, says this was a motion to dismiss this case without prejudice, and was mailed by him February 5, 1898, from Kansas City, Mo.  Was this motion to dismiss properly filed?  "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file."  1 Bouv. Law Dict. p. 660.  "The most accurate definition of 'filing' a paper is its delivery to the proper officer to be kept on file."  Beebe vs Morrell (Mich.) 15 Am. St. Rep. 288, note (s. c. 42 N. W. 1119;) Noyes vs Guy 2 Ind. T, 205 (48 S. W. 1059.)  Also see 8 Enc. Pl. & Prac. 923.  The indorsement of the clerk is evidence of filing.  Bettison vs Budd, 21 Ark. 578; Thompson vs Foster's Adm'r, 6 Ark. 210; Oats vs Walls, 28 Ark. 244; Case vs Hargadine, 43 Ark. 145.  The original motion to dismiss having been lost, destroyed, or misplaced, the same could be substituted by leave of the court, and marked filed as of the same date the original was filed, and have the same force and effect, to all intents and purposes, as the original thereof would have been entitled.  Ind. T. Ann. St. 1899, § 4219.  On the 28th day of February, 1898, the motion to dismiss, filed February 7, 1898, came on for hearing.  The defendant objected, for the reason that

Dismissal of action. Nunc pro tunc.

on the 9th day of February, 1898, he had filed an answer and a cross bill.    Section 5102, Mansf. Dig. (section 3307, Ind. T. Ann. St. 1899), provides: "An action may be dismissed without prejudice to a future action—First,  by  the  plaintiff before the final submission of  the  case  to  the  jury, or to the court where the trial is by the court." There being no cross-bill pending when the motion to dismiss was filed, the  court dismissed the case and rendered judgment against the plaintiff for costs.    We think the judgment of  the  court  in  dismissing the case was correct, and it is therefore affirmed.

CLAYTON, C. J., and GILL, J., concur.