E. E. ROPES, PLAINTIFF IN ERROR, v. B. B. MINSHEW AND
W. V. CARTER, DEFENDANTS IN ERROR.

1. Where a tax deed to the premises sued for has been intro-
duced in evidence by the plaintiff under a statute making
a tax deed prima facie evidence of the regularity of the
regularity of the proceedings from the valuation of the
land by the assessor to the date of the deed inclusive, and
subsequently the defendant introduces testimony tending
to show the tax deed to be void, it is error for the court
to refuse to instruct the jury upon the legal effect of the
evidence so introduced by the defendant.

2. Where land is assesed as the property of "Valentine Dollar,
Assignee," and advertised  and sold as the  property of
"Valentine Dallen Association," the tax deed is void, since
the assessment and advertisement for sale must correspond
in all material particulars.

3. The plaintiff in ejectment must recover upon the strength of
his own title and not on the weakness of his adversary's
title.

4. A verdict in ejectment which simply finds that the plain-
tiffs are entitled to a fee simple estate to the lands de-
scribed therein, does not find the right of possession in
the plaintiffs, nor does it authorize the entry in behalf of
plaintiffs of a judgment for recovery of possession of the
land.

This case was decided by Division B.

Writ of  Error to the  Circuit  Court  for  Volusia
County.

The facts in the case are stated in the opinion of the
Court.

*E. E. Ropes, in pro per.*

No appearance for Defendants in Error.

PARKHILL, J.   On the 28th day of August 1902, B. B. Minshew and W. V. Carter brought an action of ejectment in the Circuit Court of Volusia County against E. E. Ropes for the recovery of a tract of land lying in said county described as lot 3 except S. E. 10 acres Section 29, Twp. 15 South, Range 28 East containing about sixty-five acres and for mesne profits.

The defendant pleaded not guilty, and the bar of statute of limitations.

A trial was had which resulted in the following verdict being rendered by the jury in favor of the plaintiffs April 11, 1905: "We the jury find for the plaintiffs and that they are entitled to a fee simple estate to lot Three except South East ten acres Section twenty-nine Township fifteen South of Range Twenty-eight East and fix their damages at $3.00." Upon the said verdict the following judgment was entered by the Court April 12, 1905:

"It is thereupon upon consideration thereof ordered, adjudged and decreed that the plaintiffs B. B. Minshew and W. V. Carter do have and recover of and from the defendant herein E. E. Ropes the following land as described in the declaration and verdict and an estate in fee simple thereon, to-wit: Lot three except the south east ten acres section twenty-nine Township fifteen South of Range Twenty-eight East together with the sum of three dollars for their damages herein and the sum of Twenty-six & 43-100 dollars for their costs in this behalf expended, and that the plaintiff do have execution therefor."

The defendant below, who is plaintiff in error here, seeks reversal by writ of error. The plaintiffs sought to recover, in this case, by virtue of a tax deed dated the 6th day of January A. D. 1898 based upon a sale made in 1894 for the unpaid taxes of 1893. This deed was admitted in evidence by the court; 'and the defendant offered in evidence, to show that plaintiff's said deed was void, a certified copy of the tax book for 1893, so far as related to the land in controversy as showing that the land sold was assessed to "Valentine Dollar, Assignee," which was admitted in evidence by the court.

And the defendant also offered in evidence a certified copy of the record of the advertisement of said land for sale for the unpaid taxes of 1893 as showing that the owner thereof was stated as "Valentine Dallen Association," which was admitted in evidence by the court.

The parties having concluded and submitted their evidence the defendant requested the court to charge that "if the jury believe from the evidence that the assessment gives the name of one person as the owner and the advertisement the name of another, the jury will find for the defendant." ·

The court refused to give this charge, the defendant excepted and assigns the refusal of the court to so charge as error.

When this case was here before we said: "The tax law of 1893, Chap. 4115, Sec. 61, makes a tax deed *prima facie* evidence of the regularity of the proceedings from the valuation of the land by the assessor to the date of the deed inclusive. The defendant had a right to overcome this *prima facie* evidence by proof showing the deed to be void. After the introduction of evidence tending to show the deed to be void he should have prepared a

21 S. C.

charge informing the jury what effect should be given by them to his rebutting testimony, and requested the judge to give it."Ropes v. Minshew & Carter 47 Fla. 212, text 214.

Chapter 4010 Act of 1891 and Chapter 4115 Act of 1893 provides:—"The assessor shall set down in the assessment rolls, following and opposite the description of the lands, the name of the owner or person in whose name the return is made; and when the land has not been returned and when the Assessor has no means of discovering the name of the owner the Assessor shall enter the word 'unknown' in the column of the assessment roll provided for the name of the owners or persons making return."

Chap. 4115, Sec. 51, Acts of 1893, provides:—"If the taxes upon any real estate shall not be paid before the first day of April of any year, the Collector *shall advertise* and sell in the *manner* following: He shall make out a *statement* of *all such real estate,* specifying the amount due on each parcel, together with the cost of advertising and expense of sale, *in the order in which the land was assessed,* and such list shall be published &c. * * * * A copy of the advertisement shall be recorded in the County Clerk's office within ten days after said sale. Such advertisement shall be in the following form:" then follows the form which can be seen on page 31 Acts of 1893. In this form must be stated the name of the land, a description of the land and the amount of the taxes and costs.

In every step it is evidently intended, and the statute so requires, that the name of the owner or person in whose name the return is made shall be the same in the assessment, as in the advertisement and sale. Bettison

v. Budd, 21 Ark. 578; Marx v. Hanthorn, 30 Fed. Rep. 579 affirmed 148 U. S. 172.

The assessment roll introduced in evidence showed that the land in question was *assessed* as the property of "Valentine Dollar, Assignee," while the record of the *advertisement* of said land showed the name of the owner to be "Valentine Dallen Association." This record evidence of the assessment and advertisement of the land showed that the name of the owner or person in whose name the return was made was not the same in the assessment and in the advertisement, and this record evidence was not controverted by any other evidence and was conclusive of that fact, and overcame the statutory *prima facie* evidence of the regularity of the proceedings from the valuation of the land by the assessor to the date of the deed, and rendered the plaintiffs' tax deed void. Bettison v. Budd, *supra;* Daniel v. Taylor, 33 Fla. 636, text 654, 15 South. Rep. 313. The charge asked for by the defendant ought to have been given by the court.

The defendant requested the court to charge the jury as follows:

"The court instructs the jury that the right of the plaintiffs to recover in this case rests on the strength of their own title, and they cannot recover by showing defects in the title of the defendant."

This is substantially what we have heretofore held, that the plaintiff in ejectment must recover on the strength of his own title and not on the weakness of his adversary's title. Burt Admr. v. The Fla. So. Ry. Co., 43 Fla. 339, 31 South. Rep. 265. The court erred in refusing to so charge the jury.

The verdict of the jury is contrary to law in that it fails to find the right of possession in the plaintiffs to the lands described therein. Sec. 1515, Rev. Stats. 1892.

The verdict simply finds that the plaintiffs are entitled to a fee simple estate to the lands described. This is not a finding of the right of  possession in the  plaintiffs. Asia v. Hiser, 22 Fla. 378.

The judgment entered in this case is defective in the same particular.  For the reasons stated the verdict can-not be sustained and it was error to enter a judgment thereon.   Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656.

For the errors found, the judgment must be reversed and a new trial awarded; and it is so ordered, at the cost of the defendants in error.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL, J., concur in the opinion.

WHITFIELD, J., disqualified.