JAMES HENRY MAHONEY v. R. F. E. COOKE.

157 So. 200.
Opinion Filed October 25, 1934.

*Wells & Hall* and *C. Rogers Wells,* for Plaintiff in Error; No brief filed for Defendant in Error.

DAVIS, C. J.—In an ejectment suit, wherein the only plea filed to the declaration was a plea of not guilty, the plaintiff proved record title to certain land described in the declaration as follows:

"A certain tract or parcel of land situate, lying and being in the County of Lake, and State of Florida, known and described as follows: 'Begin at the Southeast corner of Block H, as shown by Plat of Leesburg Realty Company's Addition to Leesburg, Lake County, Florida, filed February 3, 1911, and recorded in Plat Book 2, page 6, of the public records of Lake County, Florida, run thence North 250 feet for point of beginning, run thence West 150 feet, thence North 50 feet, thence East 150 feet, thence South 50 feet to point of beginning, containing 375/2178ths acre.' "

As a defense the defendant attempted to prove that the plaintiff had some time after acquiring title to the land sued for, executed to one J. J. Rountree and his wife, Alice Rountree (third parties), a warranty deed describing a tract of land claimed to be identical with that sued for in plaintiff's declaration, but described in the warranty deed as follows:

"The following described land, situate, lying and being in the County of Lake, State of Florida, to-wit: 'Lot three (3) of Block H of W. C. Wilkins Oak-crest subdivision, Leesburg, Lake County, Florida. Bound on the East side by Moss Street, on the North by J. J. Rountree, West side by W. C. Wilkins, and on the South side by C. A. Boyd.' "

The plaintiff himself being called as a witness for the defendant admitted in his testimony that he had executed and delivered the last mentioned deed to the grantee, Rountree. He further testified that on or about April 19, 1926, the date of said deed, he had a transaction with said Rountree, the grantee in the deed, by which he sold him certain land under it; that to the best of witness' knowledge and belief the land sold was the same as described in the deed; that after witness had given the deed to Rountree that said Rountree went into possession of the property described in such deed; that on the date the witness executed the deed to Rountree that he as grantor was familiar with the physical location of the property according to its stated boundaries and could have located it; that he presumed the property described in the Rountree deed was the same as the property sued for in the declaration, but described in the declaration in a different way.

During the course of the trial defendant's attorney made the following statement in connection with the proffer of the Rountree deed as evidence:

"MR. WELLS: At this point, our theory is that, by execution and the delivery of that deed, and the placing of Rountree in possession of the property described in the declaration, that the plaintiff, Cooke, is now estopped from coming in and claiming that title and Cooke is estopped from disclaiming the deed we now offer. We submit that equitable estoppels are admissible under a plea of not guilty. Mr. Cooke has parted with the title to this property.

"THE COURT: The objection is sustained."

The trial judge, however, disagreed with counsel's theory of defense as being admissible under the plea of "not guilty" and then and there delivered it as his opinion that in order to introduce the deed in evidence, a special plea of equitable estoppel would be required to be interposed. Before the class of the testimony counsel asked leave to meet the court's ruling by amending the plea to conform. This request, however, was denied and exception noted. We think the court was in error in such ruling.

A plaintiff in ejectment must recover on the strength of his own title, not on the weakness of that asserted by his adversary. Ropes v. Minshaw, 51 Fla. 299, 41 Sou. Rep. 538; Skinner Mfg. v. Wright, 56 Fla. 561, 47 Sou. Rep. 931; Demps v. Hogan, 57 Fla. 60, 48 Sou. Rep. 998; Johnson v. Reynolds, 97 Fla. 591, 121 Sou. Rep. 793. So it was competent for defendant in this case to show that plaintiff, prior to the institution of the present suit, had made a warranty deed to another person for the same property as that sued for, and had thereupon placed such third party in possession of such property under such deed, whether the property in the deed was described the same as in the plaintiff's declaration or not.

This Court has repeatedly held that an equitable estoppel may be shown as a defense to a suit in ejectment under the plea of not guilty. Hagan v. Ellis, 39 Fla. 463, 22 Sou. Rep. 727, 63 Am. St. Rep. 157; Thomas v. Goodbread, 78 Fla. 278, 82 Sou. Rep. 835; Coram v. Palmer, 63 Fla. 116, 58 Sou. Rep. 721.

One who, having title to land, makes a full warranty deed to it, but under a defective description by which he attempts to identify it as a particular parcel to be conveyed,

and who on the strength of such deed places his grantee in possession of the land he is attempting by means of such warranty deed to divest himself of his title to, may become equitably estopped to claim in derogation of such deed and what he has done under it, in a suit in ejectment predicated on the title of which he has attempted by his deed to so divest himself, and proof of such an equitable estoppel should be admitted on behalf of the defendant in ejectment, whether there be a special plea of estoppel or not.

It is true generally that an estoppel must be pleaded in order to be available as a defense, but the general rule does not apply to ejectment suits in which the parties are not required to set up the particular titles upon which they rely. Tyler v. Hall, 106 Mo. 313, 17 S. W. Rep. 319, 27 Am. St. Rep. 337.

The 7th, 8th, 9th, 10th, 11th, 12th and 13th assignments of error are sustained; the judgment reversed and a new trial awarded, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.