501 So.2d 41 (1986)
Paul Daniels AURIEMME, Appellant,
v.
STATE of Florida, Appellee.
No. 86-556.
District Court of Appeal of Florida, Fifth District.
December 31, 1986.
*42 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Paul Auriemme, was convicted after jury trial of three counts of sexual battery and one count of burglary of a dwelling with a battery therein. The alleged victim of the incident was a 22-year-old unmarried woman. The issue with which we are concerned on appeal was the refusal by the trial court to excuse two prospective jurors for cause during voir dire examination.[1]
The first of these two jurors, a Ms. Blume, was questioned by the state attorney as to her ability to be a fair and impartial juror and follow the trial judge's instructions. Immediately preceding the questioning of Ms. Blume, a woman juror with daughters and a granddaughter had acknowledged that, given the nature of the charges against Auriemme, she could not honestly affirm her ability to be fair and objective.[2] The following colloquy then transpired between the prosecutor and Ms. Blume:
MS. HELLER (the prosecutor): Okay. Anybody else in the third row? Anybody else in that third row feel that way?
Nobody else, okay. One more, Ms. Blume, okay.
MS. BLUME: I have two nieces and if anything ever happened to them 
MS. HELLER: How old are your nieces?
MS. BLUME: They're four and two.
MS. HELLER: Okay.
MS. BLUME: When I was younger, I was approached and that scared the life out of me.
MS. HELLER: Okay. Let me ask you this, was anyone prosecuted in that case.
MS. BLUME: No, they never caught him. It was just like a flash.
MS. HELLER: Okay. Same question to you. Do you believe that you could sit and be a fair and impartial juror, if you listened to all the testimony and heard the Judge's jury instructions as to what the State's burden of proof is and how you have to weigh the evidence and so on and so forth? Do you feel that you could follow the jury instructions as read by the Judge and hold the state to its burden of proof?
MS. BLUME: Well, I'm with her. I really can't say that would happen.
MS. HELLER: Would you try to be a fair and impartial juror?
MS. BLUME: I would try.
MS. HELLER: Okay.
MS. BLUME: Back in my mind, I would think about my two little nieces.
The other prospective juror, Ms. Carrier, was employed as a midwife at the Orange County Health Department, and occasionally cared for pregnant teenagers who had been raped. She was asked by defense counsel during voir dire if her job would affect her fairness as a juror:
MS. CARRIER: I've been thinking about that. I'm really not sure. I think I could be objective.
MR. MATTHEWS: Okay. Is it possible that your job or your experience with these young ladies might get in the way of your objectivity?
MS. CARRIER: There's a possibility. I'm very much on the young girls [sic] side, you know, but I don't know that I *43 couldn't make a very informal decision, you know.
After the court's refusal to excuse prospective jurors Blume and Carrier for cause, defense counsel used two of his ten peremptory challenges to excuse them. Thereafter, he noted for the record that he wished to peremptorily challenge juror number 25 but was unable to do so because he had exhausted his challenges. Juror number 25 served on the jury and was foreman. As conceded by the appellant, he never specifically requested any additional challenges.
The state, relying upon Hill v. State, 477 So.2d 553 (1985), contends that Auriemme is foreclosed from raising any issue regarding the challenges to Blume and Carrier, who were jurors 20 and 22 respectively, because he failed to expressly move for additional peremptory challenges at the conclusion of voir dire. It is not enough, says the state, that defense counsel made reference to the exhaustion of his challenges and then stated that he would like to challenge juror number 25.
In Hill the Florida Supreme Court stated:
... Florida and most other jurisdictions adhere to the general rule that it is reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied. [Citations omitted.] [Emphasis added.]
477 So.2d at 556.
The rule enunciated in Hill, as set forth above, appears to indicate by its wording that in order to preserve reversible error, the party wrongfully denied a challenge for cause must (1) exhaust his peremptory challenges and (2) seek an additional challenge, which is denied. The problem we have with such a literal construction of the language employed by the supreme court is that none of the eight cases cited by Hill as support for this proposition requires that an additional peremptory challenge be sought.[3] These cases reflect that the general rule is that quoted in Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981):
... [I]t is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause since it has the effect of abridging the right to exercise peremptory challenges. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919).
In Hill the defendant did move for additional peremptory challenges after exhausting his original peremptories. But even though that was the factual context of Hill, no prior or subsequent case that we have found contains such a condition precedent for appealing the denial of challenge for cause provided all peremptory challenges were exhausted. See, e.g., Viera v. State, 490 So.2d 201 (Fla. 3d DCA 1986). Accordingly, we find the issue proper for appeal.
Turning to the merits of the case, Auriemme contends that it was error to deny his two challenges for cause, thereby forcing the exhaustion of his peremptory challenges. We agree, based on the applicable test found in Hill v. State, 477 So.2d 553, 555-56 (Fla. 1985):
This Court recently stated: "The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." Lusk v. State, 446 So.2d 1038, *44 1041 (Fla.), cert. denied, [469] U.S. [873], 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). In applying this test, the trial courts must utilize the following rule, set forth in Singer v. State, 109 So.2d 7 (Fla. 1959):
[I]f there is a basis for any reasonable doubt as to any juror's possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial[,] he should be excused on motion of a party, or by [the] court on its own motion.

Id. at 24. In Singer, we reaffirmed the proposition that the "statement of a juror that he can readily render a verdict according to the evidence, notwithstanding an opinion entertained, will not alone render him competent if it otherwise appears that his formed opinion is of such a fixed and settled nature as not readily to yield to the evidence." Id. at 22 (quoting Olive v. State, 34 Fla. 203, 206, 15 So. 925, 926 (1894)). In other early cases this Court stated that "jurors should if possible be not only impartial, but beyond even the suspicion of partiality," O'Connor v. State, 9 Fla. 215, 222 (1860), and that "[i]f there is a doubt as to the juror's sense of fairness or his mental integrity, he should be excused." Johnson v. Reynolds, 97 Fla. 591, 598, 121 So. 793, 796 (1929).
We note that nowhere in the record of voir dire in the instant case did either Blume or Carrier unequivocally assert that she could be a fair and impartial juror and disregard any preconceived opinions and prejudices. In Smith v. State, 463 So.2d 542 (Fla. 5th DCA 1985), this court, in granting a new trial because of the trial court's refusal to dismiss for cause a prospective juror who had conscientious reservations about her objectivity because of prior knowledge of the case, quoted from Powell v. State, 131 Fla. 254, 175 So. 213, 216 (1937):
* * * The accused, guilty or innocent, is entitled to the presumption of innocence in the mind of every juror until every element of the offense charged against him has been proved by competent evidence adduced upon the trial beyond a reasonable doubt. This is not accomplished when a juror is taken upon a trial whose mind is in such condition that the accused must produce evidence of his innocence to avoid a conviction at the hands of that juror. * * *
It is not enough that an opinion will readily yield to the evidence, for evidence of innocence is not required to be presented by the accused.
We think the true test to be applied should be not whether the juror will yield his opinion, bias or prejudice to the evidence, but should be that whether he is free of such opinion, prejudice or bias or, whether he is infected by opinion, bias or prejudice, he will, nevertheless, be able to put such completely out of his mind and base his verdict only upon evidence given at the trial. Lamb v. State, [90 Fla. 844], 107 So. 530, supra, at page 535, citing Hopt v. People, 120 U.S. 430, 7 S.Ct. 614, 30 L.Ed. 708.
463 So.2d at 545.
We find no merit in the appellant's remaining points on appeal.
REVERSED and REMANDED FOR NEW TRIAL.
UPCHURCH, C.J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] The appellant also challenges the denial by the trial court of a challenge for cause to a third prospective juror, Ms. Weston. We find no merit in that issue.
[2] This juror subsequently was excused for cause.
[3] Those cases are: Singer v. State, 109 So.2d 7 (Fla. 1959); Leon v. State, 396 So.2d 203 (Fla. 3d DCA 1981); Wasko v. Frankel, 116 Ariz. 288, 569 P.2d 230 (1977); Jones v. Cloud, 119 Ga. App. 697, 168 S.E.2d 598 (1969); State v. Sugar, 408 So.2d 1329 (La. 1982); State v. Ternes, 259 N.W.2d 296 (N.D. 1977), cert. denied, 435 U.S. 944, 98 S.Ct. 1524, 55 L.Ed.2d 540 (1978); Commonwealth v. Jones, 477 Pa. 164, 383 A.2d 874 (1978); and Martin v. Commonwealth, 221 Va. 436, 271 S.E.2d 123 (1980).