506 So.2d 1070 (1987)
Easau ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1829.
District Court of Appeal of Florida, Fifth District.
April 9, 1987.
Rehearing Denied May 13, 1987.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant was convicted of sexual battery. The issue concerns the trial court's refusal to excuse four prospective jurors for cause.
After four jurors expressed their belief that they could not be impartial, defense counsel moved to strike them from the venire for cause; the trial court refused. That which follows is a portion of the voir dire examination of the jurors.
Juror 7
MR. JABLON (defense counsel): Excuse me for one second.
Okay. Let's start with the first row. Mr. [sic] Laudner, what are your feelings?
MS. LAUDNER: I have four girls and one son, and I don't know. I don't know if I could be impartial.
MR. JABLON: Okay. I appreciate your honesty.
Anyone else on the first row feel that way?
PROSPECTIVE JURORS: (No response.)
* * * * * *
Now the question to you is, do you feel like your feelings toward children will make it impossible for you to do that fairly if the judge instructs you that you must weigh the evidence and the credibility of witnesses and listen to all the evidence? Can you do it?
Or let me ask you this, since you have trouble saying you absolutely can do it: Can you tell me now that you cannot do it, or will you do your best and try?
MS. LAUDNER: I would have to say I'd try.
MR. ASHTON (prosecutor): Okay. You'll try. And do you think that you may be able to do it, no guarantees, just that you'll do your best to try and do it?
MS. LAUDNER: Yeah.
Juror 18
MR. JABLON: Okay. Ms. Barker?
MS. BARKER: I feel very strongly that we must protect the little ones, because by the time they get to be twelve or thirteen years old, they are out of their formative years. We can't control them. But we have to protect the little ones *1071 from what they might become. I feel strongly about little children.
MR. JABLON: Do you think that those feelings might affect your impartiality in this case?
MS. BARKER: I do; I do.
* * * * * *
MR. ASHTON: Okay. Ms. Barker, the same question to you.
MS. BARKER: Well, this disturbed me very much, and I really don't know if I can stand it.
MR. ASHTON: Okay. Can you tell us that you will at least do your best?
MS. BARKER: Oh, sure.
MR. ASHTON: Can you tell me at this point that you definitely will not be able to be impartial, or is it just you're not sure how you'll feel later on?
MS. BARKER: I'm not sure.
Juror 22
MS. WEDLUND: Well, I'm not really sure, to be perfectly honest with you. I have a granddaughter who was  she was at a babysitter's, and the  she was not watched after properly and had fallen and ended up dying. I've always  although that's been five or six years ago, I still find myself kind of belligerent towards the party who was involved in it that she was staying with, so I can't really say, you know, just what might  I would try not to let my feelings or to let my inner feelings interfere, because I call myself a Christian, and I hope that I can live up to that.
MR. JABLON: Do you think you might have some difficulty though?
MS. WEDLUND: I might. But then that's  like I say, I'd try not to.
MR. JABLON: So you're just not sure and would not 
MS. WEDLUND: I'm not really positive. I'm really not.
Juror 28
MR. FALCONE: Well, I've raised children. I have grandchildren. There is just something special about them. They're small and they're fragile.
MR. JABLON: Do you think that those feelings might in any way affect your impartiality in this case?
MR. FALCONE: Possibly, possibly.
After the denial of the motion to strike for cause, appellant preemptorily challenged these jurors and exhausted his preemptory challenges. His request for additional preemptory strikes was refused.
In Auriemme v. State, 501 So.2d 41 (Fla. 5th DCA 1986), this court recently held that a juror's ability to be fair and impartial must be unequivocally asserted in the record. Absent such assertion, the juror should be excused. Because the prospective jurors in that case, Blume and Carrier, were unable to convince this court of their ability to be impartial, this court reversed and remanded the cause for a new trial. Blume's and Carrier's inability to honestly affirm their ability to be fair and objective is very similar to the doubts evidenced by the jurors in the instant case.[1]
*1072 In this case under review, the prospective jurors Laudner, Barker and Wedlund each stated that although they were unsure of their ability to be impartial, they would certainly try. A juror's promise that they will try to be impartial is simply not enough to guarantee that a defendant will be given a fair trial. Because these jurors' statements evidence a reasonable doubt as to their ability to be impartial both as to the evidence submitted and as to the law announced at trial, we must remand this cause for a new trial. See also Hill v. State, 477 So.2d 553 (Fla. 1985); Smith v. State, 463 So.2d 542 (Fla. 5th DCA 1985).
Because we order a new trial, we find it unnecessary to address the remaining points on appeal.
REVERSED and REMANDED FOR NEW TRIAL.
UPCHURCH, C.J., and SHARP, J., concur.
NOTES
[1] HELLER (the prosecutor); Okay. Anybody else in the third row? Anybody else in that third row feel that way? Nobody else, okay. One more, Ms. Blume, okay.
MS. BLUME: I have two nieces and if anything ever happened to them 
MS. HELLER: How old are your nieces?
MS. BLUME: They're four and two.
MS. HELLER: Okay.
MS. BLUME: When I was younger, I was approached and that scared the life out of me.
MS. HELLER: Okay. Let me ask you this, was anyone prosecuted in that case.
MS. BLUME: No, they never caught him. It was just like a flash.
MS. HELLER: Okay. Same question to you. Do you believe that you could sit and be a fair and impartial juror, if you listened to all the testimony and heard the Judge's jury instrutions as to what the State's burden of proof is and how you have to weigh the evidence and so on and so forth? Do you feel that you could follow the jury instructions as read by the Judge and hold the state to its burden of proof?
MS. BLUME: Well, I'm with her. I really can't say that would happen.
MS. HELLER: Would you try to be a fair and impartial juror?
MS. BLUME: I would try.
MS. HELLER: Okay.
MS. BLUME: Back in my mind, I would think about my two little nieces.
* * * * * *
MS. CARTER: I've been thinking about that. I'm really not sure. I think I could be objective.
MR. MATTHEWS: Okay. Is it possible that your job or your experience with these young ladies might get in the way of your objectivity?
MS. CARTER: There's a possibility. I'm very much on the young girls [sic] side, you know, but I don't know that I couldn't make a very informal decision, you know.
Auriemme, 501 So.2d at 42.