ORFINGER, Judge,
dissenting.
I respectfully dissent. In this professional malpractice action against two accountants for allegedly giving erroneous tax advice resulting in loss to the plaintiffs, the trial court, in my opinion, improperly refused to excuse for cause two members of the jury venire who were current clients of the defendants. These defendants regularly prepared tax returns for the two jurors and had done so for many years. When the court refused to excuse them for cause, the plaintiffs were compelled to exercise peremptory challenges to excuse them, thus exhausting their challenges. The statement by a juror that he can render a verdict according to the evidence will not alone render him competent if other factors point to disqualification. Singer v. State, 109 So.2d 7 (Fla.1979). Jurors should, if possible, be not only impartial, but beyond even the suspicion of partiality, O’Connor v. State, 9 Fla. 215, 222 (1860); Hill v. State, 477 So.2d 553 (Fla.1985), and if there is a doubt as to the juror’s sense of fairness he should be excused. Hill, supra; Johnson v. Reynolds, 97 Fla. 591, 121 So. 793 (1929). See also, Auriemme v. State, 501 So.2d 41 (Fla. 5th DCA 1987); Smith v. State, 463 So.2d 542 (Fla. 5th DCA 1985).
Both of these prospective jurors admitted to a confidential relationship with the defendants and both relied on these defendants for tax advice. Their assertion of impartiality is, at least, suspect, O'Connor, supra, and they should have been excused for cause, notwithstanding their denial of any prejudice.
I would reverse for a new trial.