527 So.2d 922 (1988)
Carol LONGSHORE and Paul Longshore, Appellants,
v.
FRONRATH CHEVROLET, INC., Appellee.
No. 87-1588.
District Court of Appeal of Florida, Fourth District.
June 29, 1988.
Michael G. Kaplan of Spellacy & McFann, P.A., Fort Lauderdale, for appellants.
William L. Summers of Merritt & Sikes, P.A., Miami, for appellee.
HERSEY, Chief Judge.
Appellants, plaintiffs below, appeal a final judgment in accordance with a jury verdict in favor of appellee. We reverse.
The two issues which we are asked to resolve have to do with the jury selection process. The first is a mixed question of fact and law: whether a prospective juror, whose answers to questions at least suggest a possible predisposition to favor one of the parties, should have been excused for cause. The second question is whether the challenging party was prejudiced by *923 the trial court's denial of the challenge for cause.
Some prejudice is inherent in the erroneous denial of any challenge for cause. The compelled exercise of one of a finite number of peremptory challenges almost certainly has a chilling effect on the use of each succeeding peremptory challenge. Nevertheless not every erroneous denial of a challenge for cause is recognized as reversible error. Unless the error infects the ultimate fairness of the trial so that the litigant is thereby deprived of trial by a jury of his or her peers, the error will be considered harmless. In order to give predictability to application of this concept, the law has established a threshold which must be met by the complaining party. If, because of an erroneous denial of a challenge for cause, a party is forced to exhaust his or her peremptory challenges and, subsequently, makes a request for additional peremptory challenges which is denied, then the error is cognizable and an appellate court will reverse and grant a new trial (assuming, of course, the jury verdict is adverse in some respect).
The verdict in the present case was adverse to the plaintiffs who now suggest that reversible error occurred in the jury selection process. We glean the following from the record.
During voir dire a prospective juror stated that her daughter was comptroller at the appellee corporation, Fronrath Chevrolet. She stated that she knew Gary Fronrath personally, that he sells her all of her cars at cost, and that she thinks he is a "pretty good guy." She also stated that her daughter might own some stock in the Fronrath corporation. When asked if she could be fair despite her daughter's connection with the company and despite her friendly relationship with Gary Fronrath she stated, "I would certainly try. I think I could, but I don't want a mistrial because I happen to know somebody that works there." When asked again if she could be fair she stated, "Yea. I could, yes." The potential juror thereafter stated that she could render a verdict against Mr. Fronrath if she thought he was wrong, and that she would not feel uncomfortable about telling her daughter or Mr. Fronrath that she had rendered a big verdict against Fronrath if she thought she was right.
Appellants challenged this prospective juror for cause and the trial court denied the challenge. After the denial of their challenge for cause, appellants peremptorily challenged the prospective juror and subsequently exhausted their remaining peremptory challenges. Thereafter, counsel for appellants stated on the record that he would have peremptorily challenged jurors eleven and twelve but could not, because the court had previously denied his challenges for cause (appellants had made another challenge for cause that was also denied but is not at issue here), thereby forcing him to exhaust his peremptory challenges on those jurors.
Appellants now contend that the trial court abused its discretion in denying their challenge for cause, maintaining that there was a reasonable doubt as to this prospective juror's impartiality. We agree.
The question of the competency of a challenged juror is one of mixed law and fact to be determined by the trial court in its discretion and the decision will not be disturbed unless error is manifest. Singer v. State, 109 So.2d 7, 22 (Fla. 1959). The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon evidence presented and instructions on the law given to him by the court. Lusk v. State, 446 So.2d 1038 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). If there is a basis for any reasonable doubt as to the juror's possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial, he should be excused. Singer, 109 So.2d at 23-24. Close cases involving challenge to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to his or her impartiality. Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985).
*924 As noted in Singer, "[i]t is difficult for any person to admit that he is incapable of being able to judge fairly and impartially." 109 So.2d at 24. Also,
a juror's statement that he can and will return a verdict according to the evidence submitted and the law announced at the trial is not determinative of his competence, if it appears from other statements made by him or from other evidence that he is not possessed of a state of mind which will enable him to do so.
Id.
Here, despite the prospective juror's stated good intentions, the spectre of her close relationship with the appellee looms out as a clear indication of bias. Her connections with the appellee, coupled with her initial statement that she would "try" to be impartial, were not overcome by her subsequent statements that she could be fair.
In Club West, Inc. v. Tropigas of Florida, Inc., 514 So.2d 426 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 579 (Fla. 1988), the court held that it was error to refuse to excuse a juror for cause where the juror initially indicated that she might not be impartial due to her ownership of stock in the defendant corporation but later stated that she could be impartial. Also, in Martin v. State Farm Mutual Automobile Insurance Company, 392 So.2d 11, 12 (Fla. 5th DCA 1980), the court, finding that the trial judge had erroneously denied a challenge for cause, stated that "[n]o matter how objective the juror might think she would be, it is unquestionable she would be less than objective about a case involving her employer, her hospital, her mutual insurance company and regarding an insurance claim she processed." Here, as in Martin, the potential for partiality, despite the prospective juror's statements that she could be fair, was sufficient to require her excusal.
We next consider whether the error was reversible. As we discussed earlier, even if a trial court improperly denies a challenge for cause, the error will not be deemed to constitute reversible error unless the party making the challenge was prejudiced by being required to accept an objectionable juror. Anderson v. State, 463 So.2d 276 (Fla. 3d DCA 1984), rev. denied, 475 So.2d 693 (Fla. 1985). The question then becomes, what is an "objectionable" juror?  One subject to challenge for cause or one subject to peremptory challenge?
In Rollins v. State, 148 So.2d 274 (Fla. 1963), the supreme court held that even if it had been error to deny a challenge for cause, the defendant was not prejudiced where the only juror selected after the defendant had exhausted his peremptory challenges was not challenged for cause. The court stated, "Rollins' counsel stated that he would have excused Braxton [the last juror seated after exhaustion of the defendant's peremptory challenges] peremptorily because he was a native of Alabama and had a limited education. In this jurisdiction neither fact renders a venireman legally objectional [sic] or unqualified to serve." Id. at 276.
However, in Leon v. State, 396 So.2d 203 (Fla. 3d DCA), rev. denied, 407 So.2d 1106 (Fla. 1981), the third district held that it was generally error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause, since it has the effect of abridging the right to exercise peremptory challenges. Also, in Hill v. State, 477 So.2d 553 (Fla. 1985), cert. denied, ___ U.S. ___, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988), the supreme court held that it was reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, where the party subsequently exhausted all of his peremptory challenges and additional peremptory challenges were sought and denied.
Based on Hill, we conclude that an "objectionable" juror is one subject to challenge either for cause or peremptorily. Accordingly, appellants here were required to accept an objectionable juror  one which they otherwise would have peremptorily challenged. Therefore, the trial court's denial of the challenge for cause was reversible error. See also Johnson v. Reynolds, 97 Fla. 591, 121 So. 793 (1929) (denial of challenge for cause of juror who had *925 friendly relationship with plaintiffs' counsel held reversible error); Club West, Inc. v. Tropigas of Florida, Inc., 514 So.2d at 426 (Fla. 3d DCA 1987) (denial of challenge for cause of juror who owned stock in defendant corporation held reversible error); Sikes v. Seaboard Coast Line R.R., 487 So.2d 1118 (Fla. 1st DCA) (denial of challenge for cause of juror who had friendly relationship with counsel held reversible error), rev. denied, 497 So.2d 1218 (Fla. 1986); Boca Teeca Corporation v. Palm Beach County, 291 So.2d 110 (Fla. 4th DCA 1974) (denial of challenge for cause of juror who was employee of one of parties held reversible error).
The final question, also adverted to earlier, is whether appellants did everything required in order to preserve the error for review. In Hill v. State, 477 So.2d at 553, the supreme court implied that a party must, after the erroneous denial of a challenge for cause, not only exhaust his peremptory challenges but also seek an additional challenge which is denied. Here, of course, appellants did not actually ask for additional peremptory challenges after they had exhausted their allotted number. Their counsel did, however, make a statement on the record that they would like to exercise additional peremptory challenges but could not.
A case directly on point is Auriemme v. State, 501 So.2d 41 (Fla. 5th DCA 1986), rev. denied, 506 So.2d 1043 (Fla. 1987). There, the defendant noted for the record that he wished to peremptorily challenge another juror but was unable to do so because he had exhausted his challenges. He did not, however, expressly move for additional peremptory challenges. The fifth district, reconciling Hill, held that the defendant's failure to expressly move for additional peremptory challenges did not preclude him from raising the matter on appeal.
Based on Auriemme, with which we agree, we conclude that appellants properly preserved the trial court's error for review.
We reverse and remand for a new trial.
REVERSE and REMAND.
WALDEN, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I dissent on the authority of Hill v. State, 477 So.2d 553 (Fla. 1985). The trial court should be presented with the opportunity to deny additional challenges in order to preserve the error.