553 So.2d 201 (1989)
Octavia JENKINS, Appellant,
v.
HUMANA OF FLORIDA, INC. Etc., et al., Appellees.
No. 88-1635.
District Court of Appeal of Florida, Fifth District.
October 26, 1989.
Rehearing Denied December 20, 1989.
J. Stephen McDonald and Keith R. Mitnik of Robertson, Williams, Mitnik and McDonald, P.A., Orlando, for appellant.
Stephen W. Beik and Teresa Clemmons Nugent of Hannah, Marsee, Beik and Voght, P.A., Orlando, for appellee, Humana of Florida, Inc.
Robert D. Henry and Angelina M. Massari of Maguire, Voorhis and Wells, P.A., Orlando, for appellees, James Lee Brooks, M.D. and Orlando Anesthesia Consultants.
EN BANC
PER CURIAM.
Appellant, Octavia Jenkins, (Jenkins) as personal representative of the estate of Catherine Hendricks, appeals an adverse final judgment entered after jury verdict. Jenkins contends the trial court erred in failing to excuse certain jurors whom she challenged for cause. The record shows that the four challenged jurors voiced reservations about granting "high" or "excessive" monetary awards, especially for pain and suffering, in cases where the victim subsequently died. Additionally, two jurors indicated that the plaintiff might have a more difficult time or "uphill burden" in convincing them to award large amounts of money to someone other than the person injured. At the conclusion of voir dire, Jenkins challenged each of the four jurors for cause. When the court denied the challenge to three of the jurors, Jenkins exhausted her peremptory challenges to strike them from the panel.[1] She did not request additional challenges.
*202 In Auriemme v. State, 501 So.2d 41 (Fla. 5th DCA 1986) review denied, 506 So.2d 1043 (Fla. 1987), we held that a party, who has exhausted his peremptory challenges, need not seek additional challenges in order to preserve error resulting from a trial court's improper refusal to grant a challenge for cause.
Auriemme is in direct conflict with Hill v. State, 477 So.2d 553 (Fla. 1985). Hill says it is reversible error to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied. This rule requires the trial court be given an opportunity to rule on a request for additional peremptory challenges in order to preserve error resulting from an erroneous denial of a challenge for cause. Hill, supra; Moore v. State, 525 So.2d 870 (Fla. 1988).
We recede from Auriemme to the extent it is in conflict with this decision.
AFFIRMED.
DANIEL, C.J., and DAUKSCH, SHARP, COWART and GOSHORN, JJ., concur.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially.
I concur with the instant result based upon the Florida Supreme Court's opinion in Moore v. State, 525 So.2d 870 (Fla. 1988). In Moore the court reiterated prior dictum that it is necessary to seek an additional challenge in order to preserve for appellate review an erroneous refusal to excuse a challenged juror for cause. In Auriemme v. State, 501 So.2d 41 (Fla. 5th DCA 1986), review denied, 506 So.2d 1043 (Fla. 1987), we questioned dictum in Hill v. State, 477 So.2d 553 (1985), that seemed to impose such a requirement on the basis that the eight cases cited in Hill as support for that requirement failed to provide such support. Moore, however, has now repeated this dictum and apparently it represents the position of the Florida Supreme Court in this respect.
The "direct conflict" between Auriemme and Hill, asserted by the majority, apparently was not so readily discernible to the Florida Supreme Court in 1987 when, by a 4-1 vote, it denied the state's timely petition for certiorari review of our opinion in Auriemme.
NOTES
[1] Before receiving a ruling, Jenkins utilized a peremptory challenge to excuse the fourth juror. Thus, the objection to this juror was not preserved for appeal. Tiesco v. Metropolitan Dade County, 426 So.2d 1156 (Fla. 3d DCA), rev. denied, 440 So.2d 353 (Fla. 1983).