560 So.2d 328 (1990)
Roxanne DOBEK, As Mother and Next Friend of Alan Dobek, and Roxanne Dobek and David Dobek, Individually, Appellants/Cross-Appellees,
v.
Dr. Yvette ANS, Ans, Rubin, Ans & Flax, M.D., P.A., and the Florida Patient's Compensation Fund, Appellees,
Dr. Yvette Ans, Ans, Rubin, Ans & Flax, M.D., P.A., Cross-Appellants.
No. 88-0613.
District Court of Appeal of Florida, Fourth District.
April 25, 1990.
*329 R. Fred Lewis of Magill & Lewis, P.A., Miami, for appellants/cross-appellees.
Alan D. Sackrin of Klein & Tannen, P.A., North Miami Beach, for appellees/cross-appellants Dr. Yvette Ans and Ans, Rubin, Ans & Flax, M.D., P.A.
STONE, Judge.
The plaintiff appeals from a defense verdict and judgment. She contends the trial court erred in denying challenges of two prospective jurors for cause.
However, we need not decide whether the court erred in ruling on the appellant's motion to strike the jurors because the issue has not been sufficiently preserved for review. Although the plaintiff did exhaust all of her peremptory challenges, no additional challenges were requested or denied. The supreme court, albeit by dictum, indicated that for review of this issue an appellant must show an exhaustion of all peremptory challenges and a denial of a request for additional challenges.
In Hill v. State, 477 So.2d 553 (Fla. 1985), the court found reversible error where a party was forced to use up peremptory challenges on prospective jurors who should have been excused for cause. It added that this is so "provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied." Id. at 556. See also Reilly v. State, 557 So.2d 1365 (Fla. 1990); Moore v. State, 525 So.2d 870 (Fla. 1988); Jenkins v. Humana of Florida, Inc., 553 So.2d 201 (Fla. 5th DCA 1989) (en banc).
In Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922 (Fla. 4th DCA 1988), we held that the appellants preserved the issue, despite their failure to request additional challenges because counsel stated on the record that the appellants would like to exercise additional peremptory challenges but could not do so. In reconciling our opinion with the language in Hill v. State, this court, in Longshore, specifically followed a similar decision in Auriemme v. State, 501 So.2d 41 (Fla. 5th DCA 1986), rev. denied, 506 So.2d 1043 (Fla. 1987). However, in Jenkins v. Humana of Florida, Inc., the Fifth District reconsidered whether a trial court must first be afforded the opportunity to rule on a motion for additional challenges. That court, en banc, receded from Auriemme on this issue, saying:

Auriemme is in direct conflict with Hill v. State, 477 So.2d 553 (Fla. 1985). Hill says it is reversible error to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausts all of his or her peremptory challenges and an additional challenge is sought and denied. This rule requires the trial court be given an opportunity to rule on a request for additional peremptory challenges in order to preserve error resulting from an erroneous denial of a challenge for cause. Hill, supra; Moore v. State, 525 So.2d 870 (Fla. 1988).
We recede from Auriemme to the extent it is in conflict with this decision. (emphasis in original)
Jenkins, 553 So.2d at 202.
In Moore v. State, the supreme court, again reversing on the judge's failure to excuse a juror for cause, repeated the language used in Hill. It specifically noted that the appellant exhausted all his challenges and that a request for additional challenges had been denied. Moore, 525 So.2d at 873.
Here, there was no specific request for additional peremptory challenges. However, as in Longshore, counsel did, on the record, question the court's ruling and indicate that he believed appellant was prejudiced as a result. In response, and prior to denying appellant's challenge for cause, the trial court discussed whether there was cause for the challenge and distinguished the case law presented to it.
Nevertheless, we concur with the conclusion in Jenkins. In order to preserve error in the court's denial of a challenge for cause, an additional challenge must first be sought and denied. It is insufficient for *330 counsel to simply take exception to the court's ruling on the request to strike for cause.
Therefore, considering the supreme court's repetition of the Hill language in Moore, and again in Reilly, and considering the en banc opinion receding from Auriemme in Jenkins, we do not consider Longshore controlling. Here, there was neither a request for additional challenges nor a denial of such a request. Therefore, the final judgment is affirmed.
GUNTHER and POLEN, JJ., concur.