TAYLOR, Judge.
In this appeal from a final judgment entered on a defense verdict in a slip and fall action against Sears, Roebuck & Co., appellant claims error in jury selection. Although we agree with appellant that the trial court improperly denied her challenge of a prospective juror for cause, we find that appellant failed to properly preserve the issue for review. We, therefore, affirm.
During plaintiffs voir dire examination, several prospective jurors expressed concern about their ability to fairly evaluate the elderly plaintiffs personal injury claim when responding to questions about their reaction to media reports and the McDonald’s coffee burn case. The following exchange occurred:
MS. PITTILLO: Depending on what injuries she had and — I can’t see these people that sue for a million dollars when they’ve spilled coffee and got a little burn. Okay.
MR. LITVAK: I agree with you. And this isn’t a case—
MS. PITTILLO: I don’t like that.
MR. LITVAK: This isn’t a case where we’re asking for a million dollars.
MS. PITTILLO: People are money hungry.
⅝ ⅝ ⅜ ⅜ * *
MR. LITVAK: Assuming that the injuries warrant it, do you feel that you could be fair and impartial about awarding Mrs. Connors money for her injury?
MS. PITTILLO: I might have a little problem.
MR. LITVAK: Thank you ma'am.
Does anyone else share the same feelings as Mrs. Pittillo?
*419 Mr. Dec?
MR. DEC: I feel the same way she does.
MR. LITVAK: Let me ask you the same question. If we prove to you that Sears was negligent and that warrants the amount of money we’ll be asking for, do you feel you can award Mrs. Connors money for that injury?
MR. DEC: It would be questionable.
Following brief rehabilitative questioning by the trial judge, plaintiffs counsel turned to other prospective jurors and inquired, “if we prove our case and we convince you that Sears was negligent in this case and we ask for a substantial amount of money, probably in excess of $100,000, do you feel that you can award it to Mrs. Connors?” When he asked the entire panel whether anyone had doubts regarding his or her ability to be fair and impartial, Mr. Dec responded, “I still do.”
Plaintiff challenged Juror Dec for cause,asserting that on several occasions he expressed doubt as to his ability to be fair and impartial. The court denied the challenge. However, despite having exhausted her peremptory challenges, the plaintiff did not at any time prior to the jury being sworn request any additional peremptory challenges. Plaintiff accepted the jury before it was sworn, subject to her cause challenge to Juror Dec.
Whether the trial court erred in failing to excuse Juror Dee for cause is not an issue properly before this court because it was not preserved for appellate review. In Dobek v. Ans, 560 So.2d 328, 329-330 (Fla. 4th DCA 1990), we held that “[i]n order to preserve error in the court’s denial of a challenge for cause, an additional challenge must be first sought and denied. It is insufficient for counsel to simply take exception to the court’s ruling on the request to strike for cause.”
Plaintiff below did not expressly or impliedly request an additional peremptory challenge after exhausting her peremptory challenges. Such a request is absolutely critical if the erroneous denial of a challenge for cause is to be deemed preserved. See Bradley v. Indian River Mem’l Hosp., Inc., 585 So.2d 1154 (Fla. 4th DCA 1991) (Farmer, J., specially concurring).
Because we conclude in accordance with Dobek that appellant failed to preserve this issue for appellate review, we affirm the judgment below.
AFFIRMED.
DELL and SHAHOOD, JJ., concur.