727 So.2d 979 (1999)
Guy HAMMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01835.
District Court of Appeal of Florida, Second District.
January 15, 1999.
James Marion Moorman, Public Defender and Timothy J. Ferreri, Assistant Public Defender, Bartow for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Guy Hammond raises five issues in this appeal of his convictions for capital sexual battery and lewd and lascivious acts committed on two minor children. We affirm, but we address Hammond's argument that the circuit court should have stricken a juror for *980 cause. We find no merit in his other points on appeal, and do not discuss them.
During jury selection one of the potential jurors, Ms. Mulligan, disclosed that she was employed by the Child Protection Center. Two of the State's witnesses, Genie O'Brien and Dr. Katherine Keeley, also worked with this agency and had interviewed the children Hammond allegedly abused. Ms. Mulligan knew both witnesses, and she had actually typed Dr. Keeley's report in this case. When the prosecutor initially asked how she felt about being a juror in a child abuse case, she responded "I think I could be impartial." When the State informed her that Dr. Keeley would be a witness at trial, she again stated "I mean I think I could be impartial." Hammond moved to strike Ms. Mulligan from the jury, but the court denied his request. He used a peremptory strike to remove her.
We cannot reach the issue of whether the circuit court erred in refusing to strike the potential juror for cause because we find that Hammond failed to preserve the issue for appellate review. In order to preserve such an error, the defendant must use all his peremptory challenges, request an additional challenge, and identify the objectionable juror he would strike. See Trotter v. State, 576 So.2d 691, 693 (Fla.1990). Hammond did request additional peremptory challenges and identify jurors he would strike, but his basis for doing so was not the court's denial of his request to strike Ms. Mulligan. Instead, he argued that the court had discretion to award more peremptory challenges because the information charged six counts, five of which were capital crimes. See Fla. R.Crim. P. 3.350. The court did not grant any additional challenges.
We have found no decisions requiring a defendant to specifically state that he is requesting an additional peremptory challenge because the court did not grant his motion to strike a particular juror for cause. But we believe preservation of this type of error is analogous to preservation of error at trial. To obtain appellate review of such error, a party must object and state the specific legal grounds for the objection. See Bertolotti v. Dugger, 514 So.2d 1095, 1096 (Fla.1987); Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982). One purpose of this rule is to place the trial court on notice that it may have committed error, thereby providing an opportunity to correct it. See Castor v. State, 365 So.2d 701, 703 (Fla.1978).
We think the same purpose applies to a request for additional peremptory challenges. If Hammond had informed the court that he sought an additional challenge to replace the one he was forced to use on Ms. Mulligan, the court would have had an opportunity to reconsider its earlier ruling. Instead, he gave a completely different reason why he should be granted more peremptory challenges. Again analogizing to the contemporaneous objection rule, when a defendant raises an appellate issue founded on an objection at trial, his argument must be based on the specific contentions asserted as grounds for the objection below. See Rodriguez v. State, 609 So.2d 493, 499 (Fla.1992); Steinhorst, 412 So.2d at 338. Because Hammond did not mention Ms. Mulligan when he asked for extra peremptory challenges, he failed to preserve any error in the court's refusal to strike her for cause.
Affirmed.
THREADGILL, A.C.J., and GREEN, J., Concur.