PER CURIAM.
In this appeal from convictions for robbery with a firearm and burglary of an occupied dwelling with a firearm, appellant raises four issues in which he claims that trial court errors require a new trial or a judgment of acquittal. We affirm on all issues on the following grounds.
Appellant’s claim that the trial court allowed the state to improperly use a peremptory challenge to strike an African-American juror is rejected based on Melbourne v. State, 679 So.2d 759 (Fla.1996). See also Young v. State, 744 So.2d 1077 (Fla. 4th DCA 1999). When asked to give a reason for the strike, the state, which had also challenged the juror for cause on this same ground, pointed to the fact that the juror had not told the truth about her prior contact with the criminal or civil justice system. In fact, only two days before her jury service, she had pled guilty in county court to two misdemeanors. The court concluded that this explanation was genuine and not racially based.
As to appellant’s claim that the court erred in denying a challenge for cause to juror Ferdon, we hold that the issue was properly preserved by making the challenge to the juror for cause, exhausting peremptories, making a request for an additional peremptory, and identifying the objectionable juror who remained *1145 seated on the jury. See Trotter v. State, 576 So.2d 691, 692 (Fla.1990), cert. denied, 522 U.S. 876, 118 S.Ct. 197, 139 L.Ed.2d 134 (1997). We disagree with Hammond v. State, 727 So.2d 979, 980 (Fla. 2d DCA), rev. dismissed, No. SC 94780 (Fla. Jan. 6, 2000), that counsel must also remind the court of the denied challenge for cause when requesting additional peremptories. Although properly preserved, we affirm on the merits.
Appellant’s claim that his motion for judgment of acquittal on the burglary charge should have been granted was recently addressed in Gordon v. State, 745 So.2d 1016 (Fla. 4th DCA 1999). We affirm based on Gordon.
Finally, appellant claims that the court erred in denying a motion for mistrial when oblique references were made to his prior criminal history. Such error, if error at all, is completely harmless since appellant testified and admitted various criminal acts of drug dealings as part of his defense.
Affirmed.
WARNER, C.J., STEVENSON and GROSS, JJ., concur.