PER CURIAM.
David Cason appeals from a judgment of conviction for attempted sexual battery and aggravated battery. We affirm on all three issues raised in this appeal, but address appellant’s argument -that the trial court erred in failing to strike a juror for cause.
During jury selection, a prospective juror, Ms. Wallerstein, said that she did not understand and agree with defense counsel’s comment that if the defense “decided to sit here and not do anything” during the trial, then she could not hold that against the defendant. Ms. Wallerstein also responded affirmatively when the jury panel was asked if they would like to hear testimony from the defendant. Whereupon, the trial judge read the instruction on a defendant’s right to remain silent, including an instruction that at no time is a defendant required to prove his innocence. He also admonished the jurors that they were not to infer guilt based upon the defendant’s refusal to testify and that they could not view his refusal to testify as an admission of guilt. Additionally, the court stated that “no juror should ever be concerned that a defendant did or did not take the witness stand to give testimony in a case.” When asked if she would follow these instructions, Ms. Wallerstein said that she would and further stated “now I understand.”
Later, the defense' challenged Ms. Wal-lerstein for cause because she stated she wanted to hear from the defendant. The court denied the cause challenge, pointing out that after he explained the law concerning a defendant’s right to remain silent, Ms. Wallerstein agreed to follow the law.
The state contends that appellant did not properly preserve this issue for appellate review, because after his challenge for cause was denied and- his peremptory challenges were exhausted, defense counsel did not request an additional peremptory challenge to strike Ms. Wal-lerstein. We agree that this procedure must be followed in order to raise the denial of a cause challenge on appeal. See Kearse v. State, 662 So.2d 677 (Fla.1995); Trotter v. State, 576 So.2d 691 (Fla.1990); Dobek v. Ans, 560 So.2d 328 (Fla. 4th DCA 1990); Hammond v. State, 727 So.2d 979 (Fla. 2d DCA 1999).
Whether defense counsel properly preserved the issue is questionable under the “scenario” presented in this case, wherein the trial judge led defense counsel to believe that he would not grant any additional peremptory challenges since there were no other jurors left in the courtroom and that the defense had no choice but to accept the jury. Further, the court advised counsel that it deemed his cause objection sufficiently preserved. *285 We need not resolve the preservation issue, however, because we determine from our review of the record that the trial court did not abuse its discretion in denying the challenge for cause as to the juror, Accordingly, we affirm the judgment of conviction.
AFFIRMED.
DELL, STONE and TAYLOR, JJ., concur.