LEVINE, J.
The issue presented is whether the trial court erred by failing to strike a juror for cause. We find the trial court erred in refusing to strike the juror under the particular facts of this case, and we reverse and remand for a new trial.
Appellant was charged with possession of cocaine. At trial, during voir dire, the counsel for appellant questioned the jury venire about the presumption of innocence. Appellant’s counsel stated that “right now, without hearing any evidence, does everybody agree ... that [appellant] is not guilty or does anybody have a problem with that idea?” One juror (“Juror One”) voiced concerns, stating that she had been a victim of a rape with a deadly weapon in the past. Juror One stated that she understood appellant was presumed not guilty but that she had a “problem” since she had been a victim. She said she did not think it was going to “bias” her, but she explained, “I know he is not guilty, but in my head I want to be like, oh ... he is here, you know.”
When defense counsel inquired if she could put aside her past experience as a victim, Juror One stated:
To be honest, I’m not sure. Coming here and hearing it was a criminal trial — I mean it’s a little hard for me to be in a courtroom as it is....
My last experience was not a good one. So I have been trying knowing that this is — it has nothing to do with my personal case, but I don’t know if I can be one hundred percent open minded....
The question you proposed, rather than listening to the prosecution where — like, it took me on a different spin where I *584 was like, oh, I know what I’m supposed to say but I don’t feel that way.
Defense counsel challenged Juror One for cause based on the fact that she stated that she was afraid of letting her own “traumatic experience ... filter in.” The state pointed to Juror One’s own statement that she could be fair and impartial. The trial court denied the challenge for cause, and defense counsel used a peremptory challenge to strike Juror One.
Later, after the defense had used all of its peremptory challenges, defense counsel moved for an additional peremptory challenge to strike another juror (“Juror Two”), claiming that the defense was forced to use a peremptory challenge for Juror One, because the trial court denied the defense’s cause challenge. The trial court denied the additional peremptory challenge for Juror Two. The jury was accepted, subject to the objections regarding the failure to strike Juror One for cause and the failure to give defense counsel an additional preemptory challenge to strike Juror Two. The defendant was convicted by this jury and this appeal ensues.
The Florida Supreme Court has stated that “[wjhere an appellant claims he was wrongfully forced to exhaust his peremptory challenges because the trial court erroneously denied a cause challenge, both error and prejudice must be established.” Conde v. State, 860 So.2d 930, 941 (Fla.2003). The test for determining if a potential juror can serve is “whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and- the instructions on the law given to him by the court.” Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984). The supreme court has instructed lower courts as follows:
When a party seeks to strike a potential juror for cause, the trial court must allow the strike when “there is basis for any reasonable doubt” that the juror had “that state of mind which w[ould] enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial.” Courts have held that ambiguities or uncertainties about a juror’s impartiality should be resolved in favor of excusing the juror.
Carratelli v. State, 961 So.2d 312, 318 (Fla.2007) (citations omitted). In order to preserve the denial of a cause challenge of a prospective juror for appellate review, the defendant must first challenge the prospective juror for cause and then object again before the jury is sworn. Id. In the present case, appellant challenged Juror One for cause and renewed the objection prior to the jury being sworn.
Therefore, the question for our review is whether Juror One’s stated concerns that she could not remove her own experience as a victim from her potential service as a juror compromised her competence to serve on the jury. Juror One stated that she hoped she could be fair and would abide by the court’s instructions to the jury. The “mere fact that a juror gives equivocal responses does not disqualify that juror for service.” Kopsho v. State, 959 So.2d 168, 170 (Fla.2007). If the juror’s responses are equivocal enough that the prospective juror “cannot presume the defendant to be innocent until proven guilty,” then the prospective juror should be excused for cause. Id. at 172.
We find that the statements by Juror One were such that appellant’s objection for cause should have been granted by the trial court. In the present case, Juror One stated in great detail her concerns about serving as a juror, emanating from the fact that she was previously a victim of a brutal crime. Though she later nodded when asked if she could be fair and impar *585 tial, this answer did not constitute sufficient rehabilitation under the circumstances, and we find that her responses were, at best, ambiguous. We believe that Juror One’s concerns raised a reasonable doubt about her ability to be impartial in this case, and we hold that the trial court’s denial of the cause challenge was error.
Appellant also established prejudice from the failure to strike Juror One for cause. A defendant demonstrates prejudice from the “expenditure of a peremptory challenge to cure the trial court’s improper denial of a cause challenge ... if a defendant exhausts all remaining peremptory challenges and can show that an objectionable juror has served on the jury.” Busby v. State, 894 So.2d 88, 96-97 (Fla.2005). “This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted.” Trotter v. State, 576 So.2d 691, 693 (Fla.1990).
In this case, appellant was compelled to use a peremptory challenge to strike Juror One, who should have been stricken for cause. Appellant was compelled to use all of his peremptory challenges and request additional peremptory challenges which were denied by the trial court. Appellant also specifically moved for an additional peremptory challenge to strike Juror Two, which the trial court denied. Appellant was compelled to accept the jury, including Juror Two, due to the failure of the trial court to strike the first prospective juror for cause.
In summary, we find that the trial court erred in not granting appellant’s cause challenge for Juror One. Appellant has demonstrated prejudice from this error by the fact that Juror Two was seated on the jury, and appellant was denied the opportunity to strike that juror peremptorily due to the fact that appellant was forced to use a preemptory strike for Juror One, who should have been struck for cause by the trial court. We therefore reverse and remand for a new trial.

Reversed and remanded.

WARNER and CONNER, JJ„ concur.