DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK C. CAMPBELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-385

[March 28, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 502015CF004801A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

In this appeal, we are asked to decide whether a trial court reversibly erred by denying a challenge for cause against a potential juror, even though that person was not ultimately seated on the jury. Under the circumstances of this case, we hold it was error, and reverse for a new trial.

Appellant Mark Campbell was charged with lewd or lascivious molestation of a child over the age of twelve, but under sixteen; showing obscene material to a child; and lewd or lascivious exhibition in the presence of a child. During jury selection, defense counsel asked if any juror agreed that children do not lie about sexual abuse. One potential juror, a social worker whose agency dealt with two high-profile pedophile cases in another state, was specifically asked by counsel about how she assessed the credibility of child witnesses. She explained, "I would have to be honest in saying my experience in thirty-five years in being a social worker, in working with kids, *my experience has been that kids don't lie in instances of child abuse and child sexual abuse.* I can only talk about my experience." (Emphasis added).

The trial court attempted to rehabilitate the juror, and advised her that jurors are not supposed to imprint their experience on jury instructions or the law. When asked if she could follow the law, the juror stated she could. However, defense counsel later asked all the prospective jurors to raise their hand if they agreed that children do not lie about sexual abuse, to which this particular juror responded that she strongly agreed that children never lie about sexual abuse and rated the strength of her opinion as a "nine out of ten, 9.5."

At the conclusion of voir dire, while arguing for cause challenges, defense counsel moved to strike this juror because of her candid reaction to the nature of the case and the feeling that she would potentially find appellant guilty if he decided not to testify. The trial court denied the challenge for cause, and explained it had successfully rehabilitated the entire jury pool by instructing them to consider and assess the credibility of each witness, regardless of age, in light of all the testimony and evidence presented during trial.

Defense counsel ultimately used a peremptory challenge on the social worker and another juror after cause challenges against them were also denied. Defense counsel then requested two additional peremptory challenges to exercise against two other specifically identified jurors, in place of the two cause challenges that were denied. This request was rejected by the trial court, and both of the identified jurors served on the jury panel.

Appellant was found guilty of all three charges, sentenced to twenty-five years in prison, and was designated a sexual offender. This appeal followed.

"The standard of review of a trial court's ruling on a cause challenge is one of abuse of discretion. . . . Abuse of discretion occurs when the record reveals reason to doubt impartiality." *Ranglin v. State*, 55 So. 3d 744, 746 (Fla. 4th DCA 2011). The failure to strike a juror for cause is not subject to a harmless error analysis. *See Bryant v. State*, 765 So. 2d 68, 69 (Fla. 4th DCA 2000).

As a general rule, denying a challenge for cause is not prejudicial if the objectionable juror does not serve and is not replaced by an objectionable juror. *See Penn v. State*, 574 So. 2d 1079, 1081 (Fla. 1991). An objectionable juror "must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory

challenges had been exhausted." *Croce v. State*, 60 So. 3d 582, 585 (Fla. 4th DCA 2011) (quoting *Trotter v. State*, 576 So. 2d 691, 693 (Fla. 1990)).

In *Trotter*, the defendant claimed the trial court erred in failing to excuse four prospective jurors for cause, which forced the defense to exercise four peremptory challenges to remove them. 576 So. 2d at 692. Trotter argued that he was entitled to a new trial because he exhausted all peremptory challenges and his request for an additional peremptory challenge was denied. *Id.* The Florida Supreme Court upheld Trotter's convictions because he failed to show that a biased juror was seated and served on the deliberating panel. *Id.* at 692-93.

As the Florida Supreme Court explained:

> Under Florida law, "[t]o show reversible error, a defendant must show that all peremptories had been exhausted and that an objectionable juror had to be accepted." *Pentecost v. State*, 545 So. 2d 861, 863 n.1 (Fla. 1989). By this we mean the following. Where a defendant seeks reversal based on a claim that he was wrongfully forced to exhaust his peremptory challenges, *he initially must identify a specific juror whom he otherwise would have struck peremptorily.* This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted. The defendant cannot stand by silently while an objectionable juror is seated and then, if the verdict is adverse, obtain a new trial.

*Id.* at 693 (emphasis added) (footnotes omitted). Trotter's request for an additional peremptory challenge was not made in connection with any particular juror, but was a general request for a challenge to exercise in the future. *Id.* at 693 n.7.

Unlike that case, appellant has successfully met both criteria, which entitles him to a new trial. First, we agree that the trial court erred by denying the challenge for cause as to the social worker. As we recently said in *Rentas v. State*, "[a] juror is not impartial when one side must overcome a preconceived opinion in order to prevail." 43 Fla. L. Weekly D129, D130 (Fla. 4th DCA January 19, 2018) (quoting *Reid v. State*, 972 So. 2d 298, 300 (Fla. 4th DCA 2008)). There, prospective jurors expressed firm beliefs about purported false confessions by defendants, especially in cases involving child molestation, even though attempts were made to rehabilitate them. *Id.* at D129. However, a trial court's attempt to

rehabilitate a juror does not automatically overcome that juror's inherent bias. *See Montozzi v. State*, 633 So. 2d 563, 565 (Fla. 4th DCA 1994) (holding it was error to deny a challenge for cause where prospective juror expressed disapproval of the kind of activity defendant was involved in based on her experiences).

In *Montozzi*, we stated that "[w]hile this is indeed an area of trial judge discretion, nevertheless we have ordered new trials ourselves where we were convinced of the existence of reasonable doubts." *Id.* We continued:

> Few jurors would resolutely continue to admit that they have a bias after having a prosecutor and a trial judge cloak them in a duty to be fair. Some answers by prospective jurors should simply be deemed alone disqualifying, no matter how earnestly counsel and the trial judge seek to save them. In this case, the bell earlier rung by this juror was sounded again even while she was being "rehabilitated."

*Id.*

Here, the juror rang the proverbial bell twice, one coming *after* the court's attempt at rehabilitation. Although she agreed that she could put aside her prior experiences when questioned by the trial judge, she nonetheless doubled-down on her previous statement that children never lie about sexual molestation after further questioning by defense counsel. Thus, any prior concern about the juror's ability to participate was not dissipated after the court's instruction. *See Cason v. State*, 760 So. 2d 283, 284 (Fla. 4th DCA 2000).

Second, appellant specifically identified an objectionable juror that would have been stricken using the additional peremptory challenge requested when the cause challenge was improperly denied. After the request for additional challenges was rejected, the identified objectionable juror was seated on the jury. Therefore, the process set forth by the Florida Supreme Court in *Trotter* was followed. 576 So. 2d at 693.

We remand this case to the trial court for a new trial. Because we do so, we find it unnecessary to address the other issues raised by appellant in this appeal and affirm those without comment.

*Reversed and remanded.*

CIKLIN and LEVINE, JJ., concur.

*	*	*

*Not final until disposition of timely filed motion for rehearing.*